UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NUMBER 1:25-cv-100-LLK

NYRA C.[1] PLAINTIFF

v.

FRANK BISIGNANO,
Commissioner of Social Security DEFENDANT

MEMORANDUM OPINION AND ORDER

Plaintiff filed a Complaint seeking judicial review pursuant to 42 U.S.C. § 405(b) of the Final Decision of the Commissioner denying her claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. [DN 1].[2] Plaintiff's Fact and Law Summary is at DN 13 and Brief at DN 14, the Commissioner's responsive Fact and Law Summary is at DN 15, and Plaintiff's Reply is at DN 16. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to determine this case, with any subsequent appeal to be filed directly to the United States Court of Appeals for the Sixth Circuit. [DN 11]. The matter is now ripe for determination.

After examining the administrative record, the Administrative Law Judge's (ALJ's) Decision, the arguments of the parties, and the applicable authorities, the Court finds that Plaintiff's two arguments are unpersuasive and that the ALJ's Decision is supported by substantial evidence and comports with applicable law. Accordingly, the Court will AFFIRM the Commissioner's Final Decision and Dismiss Plaintiff's Complaint.

---

[1] Pursuant to General Order 22-05, Plaintiff's name in this Report and Recommendation is shortened to first name and last initial.

[2] References to specific pages in the Court's Docket in this Memorandum Opinion will include the Docket Number and page number found in the red inked header at the top of the document.

## I. BACKGROUND

**Administrative History**. Plaintiff filed an application for DIB in August of 2022, alleging disability from February 1, 2021, at age 61 as a result of back issues, sciatica, bulging discs, asthma, and whiplash injury. [DN 10] at 257. The claim was denied initially and upon reconsideration. Plaintiff requested a hearing before an ALJ which was granted. The telephonic hearing was conducted on December 8, 2023, before ALJ Neil Morholt with attorney Michael Goforth attending with Plaintiff. [DN 10] at 52-85. Also attending and testifying during the hearing was vocational expert Robert Breslin. On April 5, 2024, the ALJ issued an unfavorable Decision finding that Plaintiff was not disabled within the meaning of the Act. [DN 10] at 19-34.

Plaintiff timely requested review of the ALJ's Decision by the Appeals Council; on March 7, 2025, review was denied. [DN 10] at 39. At that point, the ALJ's Decision became the final decision of the Commissioner. 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(a). This Court will be reviewing the ALJ's Decision and the evidence that was contained within the administrative record at the time the ALJ rendered his unfavorable Decision. 42 U.S.C. § 405(g).

**The ALJ's Decision**. The ALJ's Decision denying Plaintiff's claim for DIB was based upon the five-step sequential evaluation process applicable in all Social Security disability cases. The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through March 31, 2026. At Step One, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 1, 2021, the alleged onset date (20 CFR 404.1571 *et seq*.).

At Step Two, the ALJ found that Plaintiff has the following severe impairments: obesity and degenerative disc disease of the cervical and lumbar spine (20 CFR 404.1520(c)).

At Step Three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

As in any case that proceeds beyond Step Three, the ALJ must determine a claimant's residual functional capacity (RFC), which is defined as "the most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a), 404.1546(c). In making an RFC determination, the ALJ considers the record in its entirety including medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). The ALJ found that, notwithstanding her impairments, Plaintiff retains the RFC to perform light work with certain limitations:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.157(b) except she can: occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally stoop, kneel, crouch, and crawl; be frequently exposed to vibration; and must avoid all exposure to unprotected heights and dangerous moving machinery.

ALJ's Decision, [DN 10] at 25.

At Step Four, the ALJ found that Plaintiff is capable of performing past relevant work as an Order Clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). Accordingly, the ALJ found that Plaintiff has not been under a disability, as defined in the Social Security Act, from February 1, 2021, through the date of the decision (20 CFR 404.1520(f)).

## II. STANDARD OF REVIEW

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r*

*of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is “more than a scintilla of evidence but less than a preponderance.” *McGlothin v. Comm’r of Soc. Sec.*, 299 F.App’x 516, 522 (6th Cir. 2008). The Commissioner's conclusions must be affirmed absent a determination that the ALJ failed to apply the correct legal standards or made findings of fact unsupported by substantial evidence in the record. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009). In reviewing the record as a whole, the Court may not “try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility.” *Cutlip v. Sec’y of Health & Hum. Servs.*, 25 F.3d 284, 296 (6th Cir. 1994).

The substantial evidence standard presupposes that there is a “zone of choice within which the decisionmakers can go either way, without interference by the courts.” *Blakely v. Comm’r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the decision. *Id*. If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id*. As described by the Supreme Court, “whatever the meaning of ‘substantial’ in other contexts, the threshold for such evidentiary sufficiency is not high.” *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019).

In addition to considering whether the Commissioner's decision was supported by substantial evidence, the Court must determine whether proper legal standards were applied. Failure of the Commissioner to apply the correct legal standards as promulgated by the regulations is grounds for reversal. *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281 (6th Cir. 2009); *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006) (“Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.”).

**Arguments of the Parties**. At Step Two, the ALJ found that Plaintiff's depression is a medically determinable impairment that is nonsevere. [DN 10] at 24. Plaintiff argues the ALJ erred as a matter of law by failing to account for her mild mental limitations in the RFC and by failing to explain why such limitations were not included in the RFC ([DN 14] at 9-10) (citing *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017) (same)). Plaintiff contends the ALJ's failure to provide a more detailed analysis of her depression in conjunction with his RFC formulation prevents the Court from conducting a meaningful review ([DN 14] at 11) (citing SSR 96-8p; *Johnson v. Comm'r of Soc. Sec.*, No. 3:20-CV-99, 2021 WL 5177818, at *3 (S.D. Ohio Nov. 8, 2021). Plaintiff seeks a remand because the allegedly faulty RFC resulted in an inadequate hypothetical to the VE, and the resulting error was not harmless. [DN 14] at 14. In response, the Commissioner contends that "Plaintiff's argument is based on a fundamental misunderstanding of the significance of the paragraph B findings and in determining the RFC" and whether the ALJ is required to specifically discuss each non-severe impairment in the RFC (*Id.*) (citing 20 C.F.R. §§ 404.1545(a)(2), 404.1545(e); SSR 98-6p, 1996 WL 374184, at *5 (July 2, 1996)). [DN 15] at 3. The Commissioner cites the Sixth Circuit case of *Emard* for the proposition that an ALJ need not specifically discuss each non-severe impairment in the RFC assessment to demonstrate that they were considered. *Emard v. Comm'r of Soc. Sec*., 953 F.3d 844, 851-852 (6th Cir. 2020). [DN 15] at 4. In Reply, Plaintiff faults the ALJ's Decision for failing explain how her mild mental impairments do not result in work-related restrictions or limitations, identifies numerous records that support her mental limitations, and posits that mild mental limitations combined with chronic pain could reduce her ability to perform her semiskilled past relevant work (given the higher levels of understanding, memory, focus and persistence required for semiskilled work). [DN 16] at 2-3.

Plaintiff's second argument is that the ALJ failed to properly evaluate her severe medical impairment of obesity. [DN 14] at 16. That is, Plaintiff argues that the ALJ erred by simply stating the obesity rule, "without applying it to the case at hand or without any evidence or explanation of how the Plaintiff's severe impairment of obesity was considered." *Id*. In response, the Commissioner notes that SSR 19-2p does not mandate any particular analysis except that an ALJ must consider obesity, in combination with other impairments, at all stages of the sequential evaluation, and the ALJ did so here. [DN 15] at 11.

## III. DISCUSSION

At the Second Step in the sequential evaluation process a claimant must demonstrate she suffers from a "severe medically determinable physical or mental impairment that meets the duration requirement ... or a combination of impairments that is severe and meets the duration requirement ..." 20 C.F.R. § 404.1520(a)(4)(ii); Social Security Ruling 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy the "severe" requirement the claimant must demonstrate the impairment or combination of impairments "significantly limit" her physical or mental ability to do "basic work activities." 20 C.F.R. § 404.1522(a). "[A]n impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability, regardless of age, education, and experience." *Higgs*, 880 F.2d at 862 (citing *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

A. The ALJ's Mental RFC Determination concerning Plaintiff's mild limitations in each of the four areas of mental functioning is supported by substantial evidence and comports with applicable law.

The determination of whether a mental condition "significantly limits" a claimant's ability to do one or more basic work activities is based upon the degree of functional limitation in four broad functional areas that are known as the "paragraph B" criteria. 20 C.F.R. § 404.1520a(c)(3); 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E. They are: "Understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 404.1520a(c)(3). The four areas of mental functioning are evaluated on the following five-point rating scale: "None, mild, moderate, marked, and extreme." 20 C.F.R. § 404.1520a(c)(4). If the four areas of mental functioning are rated as "none" or "mild," the ALJ will generally conclude that the claimant's impairment is not "severe," unless the evidence otherwise indicates that there is more than a minimal limitation in the claimant's ability to do basic work activities. 20 C.F.R. § 404.1520a(d)(1).

The RFC finding is an ALJ's ultimate determination of what a claimant can still do despite her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546(c). ALJs make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c). Thus, in making the RFC determination ALJs must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a).

In addressing Plaintiff's claim, this Court has reviewed the ALJ's Decision as a whole. *See Martinek v. Comm'r of Soc. Sec.*, No. 1:25-cv-1735-DAC, 2026 WL 1745689, at *7 (N.D. Ohio

June 17, 2026) (reading ALJ's decision as a whole and with common sense); *Lisa R. v. O'Malley*, No. 3:23-CV-409-CRS-CHL, 2024 WL 4024506, at *5 (W.D. Ky. Sept. 3, 2024). At Step Two, the ALJ found that Plaintiff has medically determinable severe impairments of obesity and degenerative disc disease of the cervical and lumbar spine. [DN 10] at 22. Notably, the ALJ made the following findings regarding Plaintiff's depression:

> The claimant's medically determinable mental impairment of depression (2F/15) does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe.
>
> At times, the claimant reported feeling depressed (3F/2, 5F/41). However, her depression was noted as being controlled (2F/7, 69). There was no formal psychiatric mental health treatment. The claimant reported that she can follow written and spoken instructions (12E/6). On exam, the claimant had an intact memory and concentration (4F/5, 5F/4). She is also able to get along with authority figures (12E/6). Likewise, the claimant was cooperative on exam (1F/5, 4F/5). She denied having any suicidal ideation (3F/2). There was no evidence of any inpatient psychiatric hospitalization. As far as activities, the claimant reported being able to prepare simple meals and driving using a seated pad (8F/1, 4). She is able to perform some household tasks, including cleaning, mowing, sweeping, and washing dishes (8E/4). She is able to shop in stores, pay bills, and count change (8E/5). As such, the evidence supports that the claimant's mental health impairment was non-severe.
>
> In making this finding, the undersigned has considered the broad functional areas of mental functioning set out in the disability regulations for evaluating mental disorders and in the Listing of Impairments (20 CFR, Part 404, Subpart P, Appendix 1). These four broad functional areas are known as the "paragraph B" criteria.
>
> The first functional area is understanding, remembering, or applying information. In this area, the claimant has mild limitation. The claimant reported that she can follow written and spoken instructions (12F/6). On exam, the claimant had an intact memory (4F/5, 5F/4). She is also able to shop in stores, pay bills, and count change (8E/5). As such, the evidence supports a mild limitation in this area.
>
> The next functional area is interacting with others. In this area, the claimant has mild limitation. The claimant is able to get along with authority figures (12E/6). Likewise, the claimant was cooperative on exam (1F/5, 4F/5). As such, the evidence supports a mild limitation in this area.
>
> The third functional area is concentrating, persisting or maintaining pace. In this area, the claimant has mild limitation. The claimant alleged limitations to

> completing tasks (8E, 12E). However, she reported that she can follow written and spoken instructions (12E/6). On exam, the claimant had intact concentration (4F/5, 5F/4). She is able to shop in stores, pay bills, and count change (8E/5). As such, the evidence supports a mild limitation in this area.
>
> The fourth functional area is adapting or managing oneself. In this area the claimant has mild limitation. At times, the claimant reported feeling depressed (3F/2, 5F/41). However, her depression was noted as being controlled. (2F/7, 69). There was no formal psychiatric mental health treatment. As far as activities, the claimant reported being able to prepare simple meals and driving using a seated pad (8E/1, 4). She is able to perform some household tasks, including cleaning, mowing, sweeping, and washing dishes (8E/4). She denied having any suicidal ideation. (3F/2). There was no evidence of any inpatient psychiatric hospitalization. As such, the evidence supports a mild limitation in this area.
>
> Because the claimant's medically determinable mental impairment causes no more than "mild" limitation in any of the functional areas <u>and</u> the evidence does not otherwise indicate that there is more than a minimal limitation in the claimant's ability to do basic work activities, it is non-severe (20 CFR 404.1520a(d)(1)).

ALJ Decision, [DN 10] at 23-24.

The ALJ clearly provided a thorough evaluation of Plaintiff's symptoms, signs, and laboratory findings in determining whether Plaintiff's depression is a medically determinable mental impairment. *Id*. In addition, the ALJ provided a detailed explanation as to why he found no more than a mild limitation in the four areas of mental functioning. *Id*. *See* 20 C.F.R. § 404.1520a(c)-(d). Within the Sixth Circuit, the Step Two severity regulation codified at 20 C.F.R. § 404.1520(c) is "construed as a *de minimis* hurdle in the disability determination process." *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). "Under the prevailing de minimis view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience." *Id.* (citing *Farris v. Sec'y of Health & Hum. Servs.*, 773 F.2d 85, 90 (6th Cir. 1985)). Here, the ALJ determined at Step Two that Plaintiff's depression is not severe because it is a slight abnormality that minimally affects her work ability. Substantial evidence in the record supports the ALJ's findings.

Next, the ALJ differentiated the above functional limitations from the mental RFC assessment (used at Steps Four and Five) which requires a more detailed assessment. [DN 10] at 24. The ALJ indicated that "[t]he following residual functional capacity assessment reflects the degree of limitation the undersigned has found in the 'paragraph B' mental function analysis." *Id.* The ALJ determined that Plaintiff has the RFC to perform a range of light work as defined in 20 CFR 404.1567(b) with certain postural and environmental limitations. [DN 10] at 25. The ALJ did not include any mental limitations in Plaintiff's RFC, and Plaintiff asserts this omission was legal error. The Court disagrees.

The ALJ found that Plaintiff's statements concerning "the intensity, persistence, and limiting effects of the claimant's symptoms" caused by her medically determinable impairments "are not entirely consistent with the medical evidence and other evidence in the record." [DN 10] at 26. In conducting the persuasiveness evaluations of the prior administrative medical findings of Dan K. Vandivier, Ph.D. (Oct. 2021), Mary K. Thompson, Ph.D. (Dec. 2022), and Lea Perritt, Ph.D. (May 2023), the ALJ found their opinions that Plaintiff did not have a severe mental impairment to be persuasive and supported by detailed explanations and citations to the record, as well as consistent with the overall evidence including the lack of formal mental health treatment and normal exam findings. [DN 10] at 29-30. The ALJ explained, with specific citations to the record, that: there was no formal psychiatric mental health treatment, and records show normal exam findings with notations that Plaintiff's depression is controlled; Plaintiff reported that she can follow written and spoken instructions, and can get along with authority figures; examination showed a cooperative Plaintiff with intact memory and concentration; Plaintiff denied suicidal ideation and there is no evidence of inpatient psychiatric hospitalization; Plaintiff reports being able to prepare simple meals and drive using a seated pad; she reports that she can perform

household tasks of cleaning, mowing, sweeping, and washing dishes; and she can stop in stores, pay bills, and count change. [DN 10] at 30. Thus, contrary to Plaintiff's assertion, the ALJ does address her depression in the RFC analysis.

Nonetheless, Plaintiff asserts that the Decision fails to explain the ALJ's logic, stating that, "[t]here is simply no explanation as to how the ALJ considered the Plaintiff's mental functioning in creating the RFC or any explanation as to why mental limitations were ultimately left out of the RFC." [DN 14] at 13. District courts within the Sixth Circuit have held that mild limitations in each of the four areas of mental functioning do not require inclusion of any mental limitations in the claimant's RFC:

> *Chastity M. v. Kijakazi*, No. 1:23-CV-00016-HBB, 2024 WL 102613, at *5 (W.D. Ky. Jan. 9, 2024); *Wardlow v. Kijakazi*, No. 3:20-CV-00828-RSE, 2022 WL 1748607, at *6 (W.D. Ky. May 31, 2022) (concluding that "ALJ Stanley was not required to include any mental limitations in Wardlow's RFC determination solely because he previously found she had mild limitations in certain areas of 'paragraph B' functioning"); *see Caudill v. Comm'r of Soc. Sec.*, No. 2:16-CV-818, 2017 WL 3587217, at *5-6 (S.D. Ohio Aug. 21, 2017) (finding that mental impairments which cause no more than mild limitation in three of the functional areas and no limitation in the fourth functional area supplies substantial evidence supporting ALJ's decision not to include mental limitations in plaintiff's RFC); *Little v. Comm'r of Soc. Sec.*, No. 2:14-cv-532, 2015 WL 5000253, at *13-14 (S.D. Ohio Aug. 24, 2015) (concluding there was no error where the ALJ did not include RFC limitations to address findings of mild mental limitations); *Walker v. Astrue*, No. 3:11-cv-142, 2012 WL 3187862, at *5-6 (S.D. Ohio Aug. 3, 2012) (finding substantial evidence supported the ALJ's determination that plaintiff's mental impairments were mild enough not to warrant specific RFC limitations).

!

*David W. v. Comm'r of Soc. Sec.*, No. 1:25-CV-00114-HBB, 2026 WL 2226716, at *7 (W.D. Ky. Aug. 3, 2026).

When his Decision is read as a whole, the ALJ's choice not to include any mental limitations in Plaintiff's RFC is supported by substantial evidence in the record. [DN 10] at 23-24; 29-30. The ALJ provided an adequate discussion that enables meaningful review and demonstrates why he chose not to include any mental limitations.

An ALJ is only required to include in the RFC those limitations that he finds credible and supported by the record. *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x, 165, 170 (6th Cir. 2020). As no mental limitations were included in the RFC, they were not required to be a part of the hypothetical—based on that RFC—that the ALJ posed to the vocational expert. *See Casey v. Sec'y of HHS*, 987 F.2d 1230, 1235 (6th Cir. 1992) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citations omitted). Plaintiff bears the burden of establishing her functional limitations, and she has failed to identify probative evidence that would meet the burden of showing her mental impairment resulted in vocationally significant limitations not contemplated by the ALJ's RFC findings. Finally, the Court is unpersuaded by Plaintiff's speculative argument that the ALJ erred in failing to consider how Plaintiff's mild mental functional limitations *could* possibly affect her ability to perform her past relevant work given the level of skill required.

B. The ALJ's Physical RFC Determination regarding Plaintiff's obesity is supported by substantial evidence and comports with applicable law.

At Step Two, the ALJ found Plaintiff's obesity to be a severe impairment. [DN 10] at 22. In evaluating the impact of Plaintiff's obesity on her other impairments, the ALJ included the following in his Step Three analysis:

> It is noteworthy that although there is no specific medical listing regarding obesity, the undersigned has evaluated the impairment herein pursuant to the extensive and detailed guidelines set forth in SSR 19-2p. As SSR 19-2p states: obesity may increase the severity of a co-existing impairment to the extent that the combination of impairments medically equal a listing. Accordingly, the undersigned has fully considered obesity in the context of the overall record in making this decision. As far as the exam findings, at most exams no gait abnormalities were noted and there was no mention of any assistive device (1F/5, 4F/14, 17, 24, 35, 38, 42). The claimant had intact musculoskeletal strength (1F/25, 3F/4). Her sensation was intact at times as well (1F/30, 40, 3F/4, 4F/38, 42). As such, the claimant's obesity did

> not increase the severity of a co-existing impairment to the extent that the combination of impairments medically equal a listing.

ALJ’s Decision, [DN 10] at 25.

The ALJ’s Decision further considered Plaintiff’s obesity in determining her RFC, noting her height and weight during the period at issue, along with a BMI of 38.8 to 42. [DN 10] at 27. He then discussed Plaintiff’s back and neck pain, including treatment, imaging studies, and clinical observations. [DN 10] at 27-29.

Plaintiff faults the ALJ for not specifically assessing obesity and explaining what functional limitations resulted from it, asserting that the ALJ “merely recited Social Security Ruling 19-2p” in his Step Three analysis. [DN 14] at 16. As noted by the Commissioner, SSR 19-2p directs that ALJs must consider the limiting effects of obesity when assessing a Plaintiff's RFC but does not mandate how the ALJ is to consider it. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006). And Plaintiff still bears the burden of “marshaling objective medical evidence and medical opinions establishing work-related limitations.” *Courtney I. v. Kijakazi*, No. 3:22-cv-309-CRS-RSE, 2023 WL 4996614, at *4 (W.D. Ky. June 16, 2023), Report and Recommendation adopted, 2023 WL 4546519 (W.D. Ky. July 14, 2023). The ALJ's Decision assesses Plaintiff's obesity from Step Two through his RFC findings. *See Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (The ALJ's responsibility is to “consider the claimant's obesity, in combination with other impairments, at all stages of the sequential evaluation.”) The ALJ considered and found mostly persuasive the state agency physicians' and state agency consultative examiner’s findings (with the exception of limitations for pulmonary irritants) and used them in formulating the RFC to include both postural and environmental limitations to account for Plaintiff's obesity. [DN 10] at 30.

Plaintiff bears the burden of proof at Steps 1-4, including proving her RFC. See *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) ("[D]uring the first four steps, the claimant has the burden of proof; this burden shifts to the Commissioner only at Step Five."); *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) ("The claimant, however, retains the burden of proving her lack of residual functional capacity."). The ALJ's analysis indicated that he had taken obesity into account "in the context of the overall record in making this decision." [DN 10] at 25. The Court finds that the ALJ provided sufficient rationale for the postural (climbing, stooping, kneeling, crouching, crawling) and environmental restrictions (vibration, exposure to unprotected heights and dangerous moving machinery) in Plaintiff's RFC. "Plaintiff [has] the burden of showing specifically how [her] obesity, in combination with other impairments, limited [her] ability to a degree inconsistent with the ALJ's RFC determination." *Leppien v. Comm'r of Soc. Sec.*, 2016 WL 3661851, at *7 (W.D. Mich. July 11, 2016). Plaintiff has failed to identify any evidence of record that supports additional functional limitations due to obesity or how her obesity is insufficiently accounted for in the ALJ's RFC determination. Thus, Plaintiff has not established that the ALJ has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record. Accordingly, Plaintiff's second argument fails. And as Plaintiff's RFC claims are without merit, the Court need not address the related challenge to the ALJ's finding at Step Five.

## IV. CONCLUSION

‼

Most disability claims have medical and other evidence that could support findings either way. "However, as long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004).

ORDER

Because Plaintiff's arguments are unpersuasive and the Administrative Law Judge's Decision is supported by substantial evidence, the Commissioner's final Decision is hereby AFFIRMED. Plaintiff's Motion for Relief from Pro Hac Vice Renewal Fee [DN 18] is DENIED as MOOT, and Plaintiff's Complaint is DISMISSED. A final judgment will be entered separately.

September 3, 2026

**Lanny King, Magistrate Judge**
**United States District Court**